UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KHISRAV MASAIDOV,

Petitioner,

v.                                                    CAUSE NO. 3:26cv233 DRL-SJF

BRIAN ENGLISH,

Respondent.

OPINION AND ORDER

Immigration detainee Khisrav Masaidov, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. The respondent filed a response, and Mr. Masaidov filed a reply. The petition is ready to be decided.

Mr. Masaidov is a citizen of Tajikistan who entered the United States in 2011 as a nonimmigrant exchange visitor on a J-1 visa [5-1]. In 2012, he changed his status to a nonimmigrant student on an F-1 visa.[1] In 2016, his status was terminated due to his failure to enroll, but he remained in the United States. In February 2024, he was arrested in New York for assault. On May 16, 2025, United States Immigration and Customs Enforcement (ICE) agents encountered Mr. Masaidov inside a residence in Brooklyn while attempting to locate another immigrant. ICE arrested him. According to

---

[1] The Immigration and Nationality Act permits noncitizens to enroll in government-approved academic institutions as F-1 nonimmigrant students. *See* 8 U.S.C. § 1101(a)(15)(F); 8 C.F.R. § 214.1(a)(2).

immigration records, ICE served him with a warrant and served a notice to appear initiating removal proceedings, alleging he was subject to removal because he had failed to maintain or comply with the conditions of his nonimmigrant status. On June 16, 2025, Mr. Masaidov conceded to the charge of removability and applied for an adjustment of status based on his marriage to a United States citizen.

Mr. Masaidov requested a custody redetermination before an immigration judge. On June 25, 2025, the judge denied the request for custody redetermination, finding that he "failed to show he is not a danger to the community or a flight risk" [5-1]. Mr. Masaidov did not appeal the immigration judge's decision to the Board of Immigration Appeals (BIA). On October 17, 2025, the immigration judge ordered Mr. Masaidov removed to Tajikistan and denied adjustment of status. Mr. Masaidov appealed the removal order to the BIA, and his appeal remains pending.

Mr. Masaidov then filed this habeas petition, arguing that (1) his detention without a bond hearing violates due process, and (2) failure to provide 90-day or 180-day custody reviews violates due process. He asks for his immediate release or a bond hearing.

In his response, the Warden (through his federal counsel) concedes Mr. Masaidov is being detained under 8 U.S.C. § 1226(a) — the "default rule" for detention of noncitizens who are present in the United States, *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018) — and argues Mr. Masaidov already received all the process he is due under § 1226(a). "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional

2

parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). A noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306.

The Attorney General has delegated his discretion under § 1226(a) to release a noncitizen from detention during removal proceedings by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). When a noncitizen files this motion, an immigration judge, under immigration court rules, must "in general" schedule a "hearing for the earliest possible date," though in "limited circumstances" the immigration judge may rule on a bond redetermination request without a hearing. Immig. Ct. Practice Manual § 9.3(d). A noncitizen may appeal a decision relating to bond and custody determinations to the BIA. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3).

Both noncitizens and the government alike must comply with our immigration laws as they are written and as they must work within the demands of constitutional due

process. *See, e.g., Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). The government has predetermined the procedures that apply to noncitizens who are arrested and detained under § 1226(a), and due process requires merely that these procedures be fairly given, not taken away. *See Accardi*, 347 U.S. at 266-68; *see, e.g., Jideonwo v. I.N.S.*, 224 F.3d 692, 697 (7th Cir. 2000); *Montilla v. I.N.S.*, 926 F.2d 162, 166 (2d Cir. 1991).

Mr. Masaidov gives no real reason to believe this process is insufficient, so the court will order no more and no less than what is expected of immigration officials by law. *See Accardi*, 347 U.S. at 268; *see also United States v. Nixon*, 418 U.S. 683, 696 (1974). He says the government should bear the burden of proof at a custody redetermination hearing, but this is not how it works, and the court will not rewrite the statute, much less revise regulations that remain in line with the statute. He argues that he should get 90-day or 180-day custody reviews, but he cites nothing to support this. And this notion of periodic reviews as a nontextual gloss on the statute has been rejected. *See Jennings*, 583 U.S. at 306. He remains in *pre*-removal-period detention, before his removal order has become final, rather than in *post*-removal-period detention, so the prospect of some other procedure lies only in the future. *See Zadvydas*, 533 U.S. at 701-02.

The record shows that Mr. Masaidov was served with a warrant at the time of his arrest, which accords with § 1226(a). He does not dispute that fact or argue there were any deficiencies with the warrant. He was then given a custody redetermination hearing before an immigration judge, where the immigration judge considered his individual circumstances and option of release on bond but determined he should not be released

because he "failed to show he is not a danger to the community or a flight risk" [5-1]. Mr. Masaidov had the option to appeal this decision to the BIA, but he did not do so. That was his remedy. Insofar as this record reveals, the government followed § 1226(a) in this case. *See Accardi*, 347 U.S. at 268; *Z.G. v. Olson*, 2026 WL 1279081 (N.D. Ind. May 11, 2026) (discussing § 1226(a) procedures and requiring exhaustion). Based on this record, he has not shown an entitlement to federal habeas relief.

For these reasons, the court DENIES the petition [1] and DIRECTS the clerk to close this case.

SO ORDERED.

May 12, 2026                    *s/ Damon R. Leichty*
                               Judge, United States District Court